UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SUPPRESSED

**FILED**

AUG - 5 2020

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | **4:20CR382 HEA/NAB** |
| LINDA FERBER, | ) | |
| Defendant. | ) | |

### INDICTMENT

The Grand Jury charges that:

### COUNTS I-V
### WIRE FRAUD: 18 U.S.C. § 1343

### INTRODUCTION

1. From in or about February 2014 until April of 2019, Defendant **LINDA FERBER** solicited donations from churches, community organizations, and individuals by falsely representing that she was working on behalf of non-profit organizations supposedly called "A Happy Place" and "The Girls." In fact, neither The Girls nor A Happy Place are registered non-profit organizations with the State of Missouri and Defendant Linda Ferber had no connection with such organizations.

2. Ferber fraudulently solicited donations purportedly to assist A Happy Place, which she falsely described as being founded in 2002 by an anonymous woman who won the lottery and wanted to help girls who were abused as children and subsequently became pregnant. Ferber told potential donors that A Happy Place was intended to provide shelter to abused girls until their babies were born.

3. On or about February 2014, Defendant Ferber began representing to individuals, churches, and other community organizations that she had founded a non-profit organization called "The Girls." Defendant Ferber described The Girls as a supplement to A Happy Place, which was intended to provide girls staying at A Happy Place with jewelry making skills and spending money. None of these representations were true.

4. Defendant Ferber falsely claimed that she had assisted girls in making jewelry. Defendant Ferber then sold between $3,000 and $4,000 of jewelry supposedly made by participants in The Girls charity organization, when in fact, none of the jewelry had been produced by the girls who were supposedly benefitting from the sale of the jewelry. Defendant Ferber also requested in-kind donations such as clothing and gift cards on behalf of The Girls.

5. Defendant Ferber also solicited monetary donations from churches, individuals, and community organizations for The Girls. She instructed the churches, individuals, and community organizations to make the checks out to "The Girls – Linda Ferber." Defendant Ferber did not open a separate bank account for The Girls in which to deposit monetary donations. Instead, Defendant Ferber deposited checks made out to "The Girls – Linda Ferber" into her personal bank accounts at Commerce Bank.

6. At no point during the time period in which Defendant Ferber was soliciting monetary donations for The Girls and selling jewelry on behalf of The Girls, did Ferber transfer money to The Girls or A Happy Place bank accounts. Rather, Defendant Ferber deposited the solicited monetary donations into her personal bank accounts at Commerce Bank, specifically account numbers xxxxx0275 and xxxxx4120.

## THE SCHEME

7. From on or about February 2014 to on or about April 2019, the relevant time period, **Defendant Ferber** devised and intended to devise a scheme to defraud churches, community organizations, and individuals, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

## MANNER AND MEANS

It was part of the scheme that:

8. During the relevant time period, Defendant Ferber, knowing that A Happy Place and The Girls were fabricated organizations, solicited donations from churches, community organizations, and individuals on behalf of and for the benefit of The Girls.

9. It was part of the scheme that once Defendant Ferber solicited monetary donations in the form of checks made out to "The Girls – Linda Ferber" from churches, community organizations, and individuals, she would deposit those checks into her personal bank accounts.

10. It was further part of the scheme that Defendant Ferber would then use the money deposited into her personal bank accounts for her own use and purposes.

11. It was further part of the scheme that between on or about February 26, 2014 and on or about April 9, 2019, Defendant Ferber deposited hundreds of checks written to "The Girls – Linda Ferber" into her personal accounts at Commerce Bank. Each check deposit resulting in a wire transfer into her bank accounts.

12. Between monetary and in-kind donations, Defendant Ferber received at least $31,947.84 from churches, individuals, and community organizations, all obtained under the false pretense that the donations were being made for the benefit of The Girls and A Happy Place.

13. On or about each of the dates set forth below, in the Eastern District of Missouri,

the defendant,

## LINDA FERBER,

for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| COUNT | DATE | WIRE TRANSACTION |
|---|---|---|
| I | May 2, 2016 | Check deposit from Florissant Valley Christian Church Bank of America account to The Girls – Linda Ferber into Commerce Bank account number xxxxx0275 in the amount of $100.00. |
| II | November 27, 2017 | Check deposit from CSH Kiwanis Foundation Inc. BMO Harris Bank account to The Girls – Linda Ferber into Commerce Bank account number xxxxx0275 in the amount of $250.00. |
| III | April 17, 2018 | Check deposit from K.H. BMO Harris Bank account to The Girls – Linda Ferber into Commerce Bank account xxxxx0275 in the amount of $100.00. |
| IV | October 9, 2018 | Check deposit from M.R. and E.R. Regions Bank account to The Girls – Linda Ferber into Commerce Bank account xxxxx4120 in the amount of $150.00. |
| V | January 31, 2019 | Check deposit from Board of Religious Organizations BMO Harris Bank account to The Girls – Linda Ferber into Commerce Bank account xxxxx4120 in the amount of $1,000.00. |

All in violation of, and punishable under, Title 18, United States Code, Section 1343.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1.  Pursuant to Title 18, United States Code, Sections 981(a)(2), upon conviction of an offense in violation of Title 18, United States Code, Section 1343 as set forth in Count(s) I-V, the defendant shall forfeit to the United States of America any property, real or personal,

constituting or derived from any proceeds traceable to such violations.

    2.    If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

JEFFREY B. JENSEN
United States Attorney

_____
Lindsay McClure-Hartman – 66070MO
Assistant United States Attorney